Russell v. The State.

1. That the presiding judge in the exercise of his discretion, during the trial of a criminal case, allowed the solicitor-general to propound leading questions to the State's witnesses, presents no cause for a new trial, especially when it appears that no objection to these questions was made by counsel for the accused and the ground of the motion fails to disclose what the questions were.

2. It appearing that the accused was represented at his trial by nine attorneys, that only one of them made an affidavit as to ignorance of the alleged newly discovered evidence, and that this evidence itself would not probably produce a different verdict, a new trial cannot be granted for this cause.

3. An affidavit presented to the presiding judge after a motion for a new trial has been heard and finally decided, though identified by the signature of the judge, is no part of the record and cannot be considered by this court in reviewing the judgment refusing a new trial. This is so although the facts set forth in the affidavit may

be material and such as might have influenced the judge in making up his decision on the motion.

4. Although the principal witnesses for the State conflicted in some respects with themselves and in some with each other, there was ample evidence to sustain the verdict, and the same having been approved by the trial judge, this court is constrained to allow it to stand.　　　　　　　　　　　　　　*Judgment affirmed.*

June 11, 1894.

Indictment for rape. Before Judge RICHARD H. CLARK. Clayton superior court. March term, 1894.

The defendant was convicted of assault with intent to rape, committed on a girl of eleven years. The grounds of his motion for a new trial sufficiently appear from the head-notes.

HUTCHESON & KEY, DOYAL & DOYAL, HODNETT & WRIGHT, WATTERSON & KIMSEY and J. P. CHATFIELD, for plaintiff in error. J. S. CANDLER, solicitor-general, by G. W. STEVENS, *contra.*